UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES                                                                    PLAINTIFF

v.                          Case No. 5:17-CR-50005

OSCAR DAVID ZUNIGA-CHAVEZ
a/k/a OSCAR DAVID CHAVEZ-ZUNIGA                                    DEFENDANT

## OPINION & ORDER

Currently before the Court is the Motion to Strike (Doc. 30) filed by the Government on June 16, 2017. The Motion asks the Court to strike two documents filed by Angelica Maria Avendano-Gonzalez, each styled "Petition for Remission or Mitigation of a Criminal Forfeiture Action." (Docs. 27, 28). For the reasons discussed below, the Government's Motion to Strike (Doc. 30) is **DENIED**.

## I. DISCUSSION

A grand jury returned an Indictment (Doc. 6) on December 2, 2016, charging Defendant Oscar David Zuniga-Chavez with one count of conspiracy to distribute methamphetamine. The Indictment also contains a forfeiture allegation, which includes in relevant part a 2008 Mercedes Benz and a 2003 Ford Mustang. Zuniga-Chavez pleaded guilty on March 29, 2017, and on that same date the Court entered a Preliminary Order of Forfeiture (Doc. 25) which listed both vehicles. On May 8, 2017, the Government filed a Proof of Publication (Doc. 26) showing that it had published a notice of forfeiture from April 8, 2017 to May 7, 2017.[1] Finally, Avendano-Gonzalez filed both Petitions in question

---

[1] The Proof of Publication errantly lists the end date as "May 7, 2018." (Doc. 26, p. 1).

1

on June 5, 2017. The Petitions assert that Avendano-Gonzalez has title to both vehicles, and purchased each vehicle prior to beginning her relationship with Zuniga-Chavez.

The Government asks the Court to strike both Petitions from the record. It explains that the "remission or mitigation process is governed by" 28 C.F.R. § 9, *et seq.*, and that pursuant to those regulations, petitions for remission or mitigation must be filed with the U.S. Attorney's office and decided by the Criminal Division of the Department of Justice. (Doc. 30, p. 2); *see also* 28 C.F.R. § 9.1(b)(2) ("Remission and mitigation functions in judicial cases are performed by the Criminal Division of the Department of Justice."); 28 C.F.R. § 9.4(e) ("A petition for remission or mitigation of a judicial forfeiture shall be addressed to the Attorney General . . . and shall be submitted to the U.S. Attorney for the district in which the judicial forfeiture proceedings are brought."). The Government also explains that claimants, such as Avendano-Gonzalez, may file a petition for an ancillary proceeding in this Court pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2. (Doc. 30, p. 3).

Under 21 U.S.C. § 853(n), "[a]ny person . . . asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). The petition must "be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* at (n)(3). Once a claimant files the petition, "the court must conduct an ancillary proceeding." Fed. R. Crim. P.

32.2(c)(1). During the proceeding, "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." *Id.* at (c)(1)(A). If the court does not dismiss the petition, it may afford the parties an opportunity to conduct discovery and summary judgment practice, and will then conduct a hearing if warranted. *Id.* at (c)(1)(B); *see also* 21 U.S.C. § 853(n)(5) (establishing procedural rules for the hearing).

As noted above, Avendano-Gonzalez has styled her filings as "Petition[s] for Remission or Mitigation of a Criminal Forfeiture Action," and the filings are submitted on forms that are certainly consistent with the administrative proceeding contemplated by 28 C.F.R. § 9, *et seq.* Nonetheless, Avendano-Gonzalez's Petitions also meet all of the requirements of a request for ancillary proceedings under 21 U.S.C. § 853(n)(3). First, Avendano-Gonzalez signed the Petitions under penalty of perjury. *See* Doc. 27, p. 5; Doc. 28, p. 5. Second, the Petitions "set forth the nature and extent" of Avendano-Gonzalez's "right, title, or interest" in the vehicles by attaching the titles to each vehicle, which indicate registration dates from 2003 and 2008, respectively. 21 U.S.C. § 853(n)(3); Doc. 27, p. 6; Doc. 28, p. 6. Third, the Petitions state "the time and circumstances" of Avendado-Gonzalez's "acquisition of the right, title, or interest in the property," by attaching the aforementioned titles, and also by declaring that she purchased the vehicles prior to her relationship with Zuniga-Chavez, with money earned from working two jobs. 21 U.S.C. § 853(n)(3); Doc. 27, pp. 2, 5; Doc. 28, pp. 2, 5. Fourth, the Petitions include "additional facts supporting" Avendado-Gonzalez's claim. 21 U.S.C. § 853(n)(3). For example, Avendado-Gonzalez declares that Zuniga-Chavez "never even drove [her] vehicles, repaired[,] or maintained them"; that they had only been living together "for a short period

of time" before Zuniga-Chavez's arrest; and that she used the vehicles "to get back and forth to work." Doc. 27, p. 4; Doc. 28, p. 4. Finally, the Petitions set forth "the relief sought" by Avendado-Gonzalez; namely, the return of her vehicles. 21 U.S.C. § 853(n)(3); Docs. 27, 28.

The Court will, accordingly, interpret Avendado-Gonzalez's Petitions as a request for an ancillary proceeding pertaining to the two vehicles named in those Petitions. *See United States v. Roberts*, 2016 WL 1730587, at *3 n.1 (E.D. Tex. Mar. 29, 2016), *report and recommendation adopted,* 2016 WL 1722680 (E.D. Tex. Apr. 29, 2016) (construing a *pro se* claimant's "Petition for Remission of Forfeited Property" as "a petition to the court for a hearing to adjudicate the validity of her alleged interest in the property pursuant to 21 U.S.C. § 853(n) and not as a remission of forfeited property"). Having done so, the Court also observes that Avendado-Gonzalez timely filed her request. 21 U.S.C. § 853(n)(2) imposes a 30-day deadline to file, which runs from—as relevant here—the date of "the final publication of notice." That date was May 7, 2017 in the instant case, and Avendado-Gonzalez filed her Petitions on June 5, 2017, one day before the deadline.

The Court will therefore move forward with an ancillary proceeding. The Government must notify the Court within **7 DAYS** from the entry of this Order as to whether it intends to file a motion to dismiss pursuant to Fed. R. Crim. P. 32.2(c)(1)(A). If so, the Government will have **14 DAYS** from the entry of this Order to file the motion, and Avendado-Gonzalez shall have **18 DAYS**[2] from the date of the Government's filing to respond. If the Government chooses not to file a motion to dismiss, the Court will promptly

---

[2] The Court is allowing Avendado-Gonzalez 18 days to respond, rather than 14 days, to account for the additional time it will take her to send and receive mail from the Court.

4

schedule a hearing by separate order.[3]  In conclusion, the Government's Motion to Strike (Doc. 30) is **DENIED**.

**IT IS SO ORDERED** on this 30th day of June, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[3] Given Avendado-Gonzalez's location in Arizona, the Court would encourage the Government to work with her to coordinate her testimony via video conference from the federal court nearest to her location—should she so choose.